Judge Owsley
delivered the opinion of the court.
This is an appeal from a judgment recovered by Hayden in an action brought by him against the Hardens, upon the following writing:—
“February 24, 1818—I have this day sold unto Mark “Harden six hundred gallons of merchantable whisky, in “good tight barrels, delivered at my house and Bennet Da"vis, and one thousand weight of merchantable bacon, de"livered at either of the aforesaid places; and Hayden is “to pay one gallon of whisky per barrel for hauling the “whisky, and at the same rate for hauling the bacon, for “which we are to pay three shillings per gallon for the whis"ky, and nine dollars per hundred for the bacon. Given “under our hands and seals
“JOSEPH HAYDEN, (Seal.(
“MARK HARDEN, (Seal)
“OTHO HARDEN, (Seal.)
“JOHN HARDEN, (Seal)”
The declaration of Hayden alledges, that the Hardens by a certain deed, made on the 24th day of February, 1818, between him, Hayden, and the Hardens, sealed with their seals, and to the court shewn, covenanted and bound themselves in consideration of sixteen hundred gallons of merchantable whisky, in good tight barrels, and one thousand weight of merchantable bacon, by him, Hayden, then and there sold to the said Mark Harden and others, as in said covenant specified and set forth, to pay him, Hayden, three shillings per gallon for the whisky, and nine dollars per hundred for the bacon; and avers for breach, the failure of the Hardens to pay for the whisky and bacon, &c.
The Hardens craved oyer of the deed of covenant, and demurred to the declaration; and the demurrer being joined, was overruled by the court.
The Hardens failing to make further answer, a writ of enquiry was awarded, and $864 25 cents damages assessed by the jury, and judgment accordingly rendered in favor of Hayden.
The only question to which it is necessary for this court to respond, involves an enquiry into the decision of the circuit court on overruling the Hardens' demurrer to the declaration? The correctness of the decision turns exclu *360 sively upon the construction to be given to the covenant declared on. If the stipulations of each party contained in the covenant, are considered executory, and to be performed at the same time, there would be no doubt but that Hayden should have averred either an actual performance, or a readiness to perform the covenant on his part, to enable him to recover upon the covenants on the part of the Hardens.
Hardin for appellant, Bibb contra.
From the covenant declared on it is plain, however, that the stipulations of the parties do not require a concurrent performance. The covenant obviously imports, not only a sale of the whisky by Hayden, but the whisky is moreover expressly stated by the covenant to have been delivered; and whether, from the peculiar phraseology of the covenant, the bacon should be understood to have been delivered, need not be decided: for if it be admitted not to have been delivered, still, as the whisky was delivered, Hayden, in declaring upon the covenant, can have been under no necessity of averring an entire performance of the stipulations on his part. For it is a settled rule, that where the plaintiff’s covenant or stipulation constitutes only a part of the consideration of the defendant’s contract, and the defendant has actually received a partial benefit, and the breach on the part of the plaintiff might be compensated in damages, an action may be supported against the defendant without averring performance by the plaintiff.
The judgment must be affirmed with cost and damages.